15824

O'SHIELDS ET AL. v. CALDWELL ET AL.

(37 S. E. (2d), 665)

*Messrs. J. Fred McLure,* of Union, and *Osborne, Butler & Moore,* of Spartanburg, Counsel for Appellants,

*Messrs. P. D. Barron, J. R. Flynn, Macbeth Young,* all of Union, and *Daniel & Russell,* of Spartanburg, Counsel

for Respondents,

April 5, 1946.

MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON delivered the unanimous Opinion of the Court.

This is an appeal from an order of Circuit Judge Steve C. Griffith, in which he refused the plaintiffs' motion for a change of venue of the action. The motion was made upon the grounds that the plaintiffs could not obtain a fair and impartial trial in Union County, and that there is reason so to believe. Code, sections 35 and 426 (2).

·The case has been here once before. 35 S. E. (2d), 184. It was then determined that the Union County act of March 11, 1943, 43 Stat., 1088, authorizing the paying out of certain funds, was unconstitutional. When the case comes on, for trial before a jury an important question will be whether the county treasurer acted in good faith and with due care in disbursing public funds under a statute which was thereafter found to be unconstitutional.

At the hearing of the motion before the Circuit Judge the plaintiffs presented affidavits setting forth that many of the county officers, beneficiaries under the act of 1943, are antagonistic to the claim of the plaintiffs; that their influence and prestige is great; that the action is opposed by almost all the office holders of the county, with their power and popularity; that the question is involved in a political issue; and that a fair trial can not be had.

The defendant, Caldwell, strongly urged the valuable and substantial right of a defendant to have his case tried in the county of his residence, where his character is known by the jurors, especially in view of the issue of his good faith. Such right is of course subject to a change of venue on proper grounds. The defendants presented many affidavits denying

that the political prestige, power, and influence of the county officers is such that a fair and impartial trial can not be had in Union County; and stating that there has been very little discussion of the case; that very few prospective jurors know anything about it; that there is no political sentiment or feeling among the citizens or possible jurors which would prevent a fair trial; that the atmosphere of the court house would not be hostile to the plaintiffs; and that an honest and unbiased jury can be obtained without any difficulty.

Judge Griffith, after a full consideration of the affidavits, stated in his order that he was convinced that a fair and impartial trial can be had in Union County, and that the showing to that effect is far stronger than the showing made by the plaintiffs.

On motions for change of venue on this ground the facts are usually quite variant. Scarcely any two cases are exactly alike. Since no fixed rules can be laid down to cover the circumstances of every case which may arise, a great deal must inevitably be left to the discretion of the trial Judge, in deciding whether a proper showing has been made. That discretion is judicial, and must not be arbitrarily exercised.

On an appeal from such decision this Court does not in any sense try the issue anew. The question before us is, has the trial Judge abused his discretion, by making a manifest error of law, so opposed to a sound discretion as to amount to a deprivation of the legal rights of the plaintiffs? *Johnston v. Belk-McKnight Co.*, 194 S. C., 490, 10 S. E. (2d), 1; *Griffin v. Owens*, 171 S. C., 276, 172 S. E., 221.

Viewing the appeal from that standpoint, we are unable to say that Judge Griffith abused his discretion. The plaintiffs presented the affidavits of thirty deponents, upholding their contentions; the defendants introduced the affidavits of sixty-three persons tending to show that a fair and impartial trial can be had in the county. The affidavits of the plaintiffs cover fifteen pages in the transcript of record; those of the defendants cover fifty-two pages. While of course the number of affidavits or their length is in no sense controlling,

yet in view of the sharp conflict of evidence this Court can hardly say that the finding of fact of the trial Judge was arbitrary, or constituted a departure from the limits which bound judicial discretion.

The defendant Caldwell is one of the jury commissioners. Another is the auditor, who was also a beneficiary under the invalid statute. Judge Griffith, in his order, provided that the superintendent of education and the sheriff should serve as jury commissioners, along with the clerk of court; and so if the case is tried at any time in the present year the treasurer and the auditor will have no part in the preparation of the jury box, or in the drawing of the trial jury for this action. Section 622 of the Code provides for instances in which the regular commissioners are disqualified, and we do not see how the appellants could be prejudiced by the action taken in this respect.

All of the exceptions are overruled, and the order of the Circuit Court is affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.