## 18341

Ida S. MACK, Respondent, v. NATIONWIDE MUTUAL INSUR-
ANCE COMPANY and Furman HALL, Appellants

(142 S. E. (2d) 50)

*Messrs. Moore, Mouzon & McGee,* of Charleston, *for Appellants,*

*Messrs. J. D. Parler* and *Thomas O. Berry, Jr.,* of St. George, *for Respondent,*

April 30, 1965.

LEWIS, Justice.

The defendants have prosecuted this appeal from an order of the lower court transferring venue of the present action from Dorchester County to Berkeley County.

The action was instituted by the plaintiff in the Court of Common Pleas for Dorchester County against the defendant Nationwide Mutual Insurance Company and its agent, the defendant Hall, upon a complaint which alleged two causes of action—one for the recovery of an amount allegedly due under a policy of insurance issued to the plaintiff by the defendant Company and the other for damages against the Company and Hall for alleged slander. Neither defendant was a resident of Dorchester County. Upon service of the complaint, the defendants noticed a motion for an order transferring the action from Dorchester County to Berkeley County upon the ground that Berkeley County was the proper county for trial in that the defendant Hall was a resident of such county and the defendant Company maintained an agent therein. The defendants also served a joint answer in which they asserted that the action should be tried in Berkeley County.

Before the foregoing motion was heard, it was withdrawn by the defendants and instead a notice of motion was served for an order changing the place of trial to Charleston County upon the ground that Charleston County was a proper county for trial in that the defendant Company maintained an office and agents therein and the defendant Hall, although a resident of Berkeley County, desired that the action be tried in Charleston County. During the hearing by the circuit judge of this latter motion, the plaintiff made an *oral* motion, without prior notice to the defendants, for an order changing venue of the action from Dorchester County to Berkeley County. Consequently, the circuit judge had for consideration the *written* motion of the defendants to change the place of trial to Charleston County and also the *oral*

motion of the plaintiff to transfer the cause to Berkeley County. The motion of the plaintiff was granted and an order passed transferring the action to Berkeley County for trial. The defendants have appealed from this order.

The plaintiff's oral motion, granted by the lower court, to change the place of trial to Berkeley County was made at chambers during the hearing of defendants' written motion to transfer the case to Charleston County, and without prior notice to the defendants. The first exception alleges error on the part of the lower court in granting the plaintiff's oral motion, "the error being that the defendants were thereby deprived of their statutory right to four days' notice of the plaintiff's motion and the grounds thereof." This exception is directed solely to the right of the defendants to prior notice of plaintiff's motion and our consideration of it is so limited.

Ordinarily, notice of the motion here involved must be given at least four days before the time appointed for hearing. Sections 10-466 and 10-1227, 1962 Code of Laws. The right to such notice, however, may be waived.

The issue before the circuit judge concerned the proper county for venue because of the residence of the defendants. Plaintiff's motion was directed solely to this issue. When plaintiff's oral motion was made, there was no request by the defendants for a delay in the hearing because of the absence of notice or the opportunity to make any further showing on the issues. In fact, the record shows that the court had before it all of the information pertaining to the residence of the defendants and accorded the parties a full hearing on the issues made by both motions. Certainly, prejudice from any failure to receive notice has not been shown. No timely objection was made to consideration of plaintiff's oral motion because of the lack of notice and, in the absence of such objection, the right of the defendants to the statutory notice was waived.

The case of *Coogler v. California Insurance Co.,* 192 S. C. 54, 5 S. E. (2d) 459, relied upon by the defendants, is

clearly inapplicable. It was there held that the circuit judge had no authority on his own motion to order the cause transferred to a county other than that named in the motion before him, because to do so would deprive the parties of their right to the statutory notice and opportunity to, be heard. However, the action of the circuit judge in this case in transferring the cause to Berkeley County was not taken on his own motion. The transfer was made to the county named in plaintiff's oral motion, upon which a full hearing. was held and the right to notice waived.

Under the remaining exceptions, the defendants contend that the plaintiff, having brought the action in Dorchester County where neither defendant resided, was estopped from thereafter moving for a change in the place of trial; and that under the circumstances the defendants had the absolute right to elect the county to, which the action would be transferred. We do not agree.

The motions in this case were made under the provisions of Section 10-310 of the 1962 Code of Laws, the pertinent portion of which is as follows:

"The court may change the place of trial in the following cases:

"(1) When the county designated for the purpose in the complaint is not the proper county; * * *."

Under the foregoing statute, where an action is brought in the wrong county, the court may transfer it to a proper county on motion of either the plaintiff or defendant.

An action must ordinarily be tried in the county in which the defendant resides or, if there be more than one defendant, then in the county of the residence of either, subject to the power of the court to change the place of trial in certain cases. Section 10-303, 1962 Code of Laws.

Therefore, where there are co-defendants· who, are residents of different counties, the plaintiff may properly bring the action in the county of the residence

of either defendant; and the right of election as to the county in which an action will be brought in such cases is ordinarily that of the plaintiff. *Rankin Lumber Co. v. Graveley,* 112 S. C. 128, 99 S. E. 349; *Tucker v. Ingram,* 187 S. C. 525, 198 S. E. 25; *Warren v. Smith,* 190 S. C. 8, 1 S. E. (2d) 900.

Contrary to the contention of the defendants, the mere fact that the plaintiff brought the action in the wrong county did not estop her from moving to transfer the action to a proper county. *Willoughby v. Northeastern Railroad Co.,* 46 S. C. 317, 24 S. E. 308. Nor did the mere fact that the plaintiff brought the action in the wrong county confer upon the defendants the absolute right to designate in which of the two proper counties, Berkeley or Charleston, the action would be tried.

It is true that, if the only motion before the court had been that of the defendants to transfer the action to Charleston County, the court would have been required to make the transfer to that county, since it could not have gone beyond the county designated in the motion before it. *Coogler v. California Insurance Co., supra.* However, this was not the situation here for the circuit judge had before him motions to transfer the action from a county where neither defendant resided to Berkeley or Charleston County, either of which was a proper county for venue. Under these circumstances, neither the plaintiff or the defendant had the absolute right to elect as to which county the action would be transferred. That decision, in view of the conflicting motions, was for the court to make.

The decision of the circuit judge to transfer the action to Berkeley County instead of Charleston was based upon his "consideration of the whole record" before him, which included the pleadings and the affidavits submitted by the defendants in support of their first noticed motion to transfer the cause to Berkeley County and their final motion to transfer it to Charleston County. In support

of the original request that the action be transferred to Berkeley County, the affidavits showed that the defendant Hall resided in Berkeley County and the defendant Company had an agent therein. In support of their final motion, the defendants showed that the defendant Company maintained an office and agents in Charleston County and that the defendant Hall, although a resident of Berkeley County, desired that the action be tried in Charleston due to the fact that he was employed in that county. Under these facts, the decision of the circuit judge to transfer the cause to Berkeley County, admittedly a properly county, finds ample support in the record and is affirmed.

Affirmed.

TAYLOR, C. J., Moss and BUSSEY, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.