19703

A. FRANK HARRISON, III, Appellant, v. The SOUTH CAROLINA
TAX COMMISSION, Respondent.

(199 S. E. (2d) 763)

*Frank A. Graham, Jr., Esq.,* of Columbia, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Joe I. Allen, Jr.* and *G. Lewis Argoe, Jr., Asst. Attys. Gen.,* of Columbia, *for Respondent,* cite:

*Frank A. Graham, Jr., Esq.,* of Columbia, *for Appellant, in Reply.*

October 11, 1973.

BRAILSFORD, Justice.

Plaintiff, a Richland County taxpayer, brought this action against the South Carolina Tax Commission for a refund of *ad valorem* taxes paid without protest on December 31, 1969, and on January 29, 1970, aggregating $591.36. The complaint, alleging that the action was brought under Section 10-2605, Code of 1962, also sought a writ of mandamus requiring the Commission to correct the allegedly "erroneous, improper and illegal" assessment of plaintiff's

property. The Commission demurred to the complaint upon the ground that the action to recoup taxes paid was an action against the State without its consent, and that plaintiff, having had a plain and adequate remedy at law, was not entitled to the writ of *mandamus*.

The circuit court sustained the demurrer, holding (1) Section 10-2605, under which the complaint was laid, does not waive the State's immunity from suit; (2) Section 65-2684, alternatively relied upon by plaintiff in argument as authorizing the action, applies only to taxes collected by the Commission, not to *ad valorem* taxes paid by plaintiff to a county treasurer; and (3) plaintiff is not entitled to *mandamus* because an adequate remedy was afforded him by the pay-under-protest statute, Sections 65-2661 and 65-2662. The plaintiff has appealed on fifteen exceptions which he argues under four headings. However, the appeal is wholly without merit unless the record establishes reversible error in at least one of the three grounds of decision stated above, and we find it convenient to dispose of the appeal by considering these grounds in the order stated.

Act No. 624 of 1954 has been codified as Section 10-2605, which we quote, omitting only an irrelevant interpolation: *"Jurisdiction and venue of actions affecting State agencies and officials.*—The circuit courts of this State are hereby vested with jurisdiction to hear and determine all questions, actions and controversies, . . . affecting boards, commissions and agencies of this State, and officials of the State in their official capacities *in the circuit where such question, action or controversy shall arise."* (Italics ours.) The circuit court held that this Act did not waive the State's immunity from suit. Instead, it "only provides jurisdiction in those cases where there is a waiver," or, in those cases to which the immunity doctrine is inapplicable .

We agree that the Act of 1954 was not intended as a blanket waiver of sovereign immunity. Clearly there was no express waiver, as is required in such

cases. "(T)he Courts have refused to hold that the sovereign immunity has been abrogated, abridged, or surrendered, except under plain and positive provisions of the statute (citations omitted)." *Brazell v. City of Camden,* 238 S. C. 580, 582-583, 121 S. E. (2d) 221, 222 (1961).

Since the Court of Common Pleas has jurisdiction in all civil cases under Article V, Section 15 of the Constitution of 1895, the Act of 1954 could not have been intended to confer jurisdiction on it of this class of actions in the strict sense of that term. The intent of the legislature must have been to fix the venue of such actions "in the circuit where such question, action or controversey shall arise." There is no doubt that this action against the Commission, to the extent that it seeks to recover taxes paid, is one against the State. *Argent Lumber Co. v. Query,* 178 S. C. 1, 182 S. E. 93 (1935). The court correctly concluded that such an action is not maintainable under Section 10-2605, which is essentially a venue statute rather than a waiver of the State's immunity from suit.

Section 65-2684 authorizes suit against the Commission for recovery of a license fee or tax which has been "erroneously, improperly or illegally assessed, collected or otherwise paid over to the Commission." By its terms, the statute is not avaliable unless the taxpayer has made application for refund in writing to the Commission within three years from the date the license fee or tax was due to have been paid, and suit must be commenced within thirty days after notice to the taxpayer that his application has been declined by the Commission.

It is settled law that "statutes waiving the State's immunity from suit, being in derogation of sovereignty, must be strictly construed, and that the State can be sued only in the manner and upon the terms and conditions prescribed by the statute." *Jeff Hunt Mach. Co. v. South Carolina State Highway Dept.,* 217 S. C. 423, 60 S. E. (2d) 859, 860 (1950).

The complaint, which relies upon Section 10-2605 as establishing legislative consent to the suit, takes scant notice of Section 65-2684, merely alleging that the Commission is empowered and directed by this section "to order refunded the property taxes paid by plaintiff, which were erroneously, improperly or illegally assessed, within three (3) years from the date such taxes were paid." The complaint fails to allege compliance with the statutory conditions precedent to suit against the Commission. Specifically, it fails to allege that plaintiff made application in writing to the Commission for a refund within three years from the dates the taxes were due to be paid, or at any other time prior to the commencement of the action. It follows that this statue lends no support to plaintiff's complaint, and we need not decide whether, as held by the lower court, it is applicable only to license fees and taxes collected by the Commission.

Finally, the existence of another adequate remedy is a distinct ground for denying the writ of *mandamus,* which is, quoting from *Willimon v. City of Greenville,* 243 S. C. 82, 132 S. E. (2d) 169 (1963), "the highest judicial writ known to the law and according to long approved and well established authorities only issues in cases where there is a specific legal right to be enforced or where there is a positive duty to be performed, and there is no other specific remedy. . . . when there is other adequate remedy, a writ of *mandamus* cannot rightfully issue." 243 S. C. at 86, 132 S. E. (2d) at 170.

The circuit court found that this principle precluded plaintiff from relief by *mandamus,* because he had an adequate remedy under Sections 65-2661 and 65-2662, the pay-under-protest statute. Right or wrong, the parties are bound by this conclusion unless it has been challenged by appropriate exception. We quote the only one of plaintiff's fifteen exceptions which refers in any way to this ground of decision :

"The Court erred as a matter of fact and law in sustaining the demurrer on the grounds that *mandamus* is not avail-

able to the Plaintiff if he was provided with another adequate remedy because Plaintiff has elected and has alleged a cause of action under Sections 65-2682 and 65-2684, 1962 Code, which sections provided Plaintiff an adequate, cumulative and concurrent remedy through application to the Tax Commission and therefore Plaintiff is not required to bring this action under any other adequate remedy that may be provided him."

The forepart of this exception identifies this ground of decision, and challenges it as unsound. But here the relevacancy of the exception ends. The error assigned is that plaintiff was entitled to proceed under Sections 65-2682 and 65-2684, which provided "an adequate, cumulative and concurrent remedy," hence, was not required to proceed "under any other adequate remedy that may be provided him." This seems to mean that plaintiff was entitled to recover under the designated sections, which were not invoked by the allegations of his complaint, instead of resorting to the pay-under-protest statute. Even if this proposition is sound, it in no way impugns the ground of decision to which the exception is addressed. Therefore, it is without merit and must be overruled. This leaves unchallenged by exception the court's conclusion that plaintiff was not entitled to relief by *mandamus* because he had another adequate remedy.

Affirmed.

Moss, C. J., AND LEWIS, BUSSEY AND LITTLEJOHN, JJ., concur.