23074

Harold L. CHESTNUT, Respondent v. William Charles REID, Appellant.

(384 S. E. (2d) 713)

Supreme Court

*J. Dwight Hudson* of *Hudson and Sweeny, P.A.,* Conway, for appellant.

*Albert E. Wheless,* North Myrtle Beach, *for respondent.*

Submitted June 9, 1989.

Decided Sept. 5, 1989.

TOAL, Justice:

The sole issue on appeal involves the change of venue of an action which is instituted improperly in the county in which the automobile wreck occurred rather than the county in which the defendant resides. Specifically, this Court must determine whether a trial court may consider factors involving convenience and judicial economy under S. C. Code Ann. § 15-7-100 (Law Co-op. 1976) when ruling on a defendant's motion for a change of venue to the county of his residence pursuant to S. C. Code Ann. § 15-7-30 (Law Co-op. 1976). We conclude that this may not be done in one proceeding and, therefore, reverse the lower court.

This matter arose out of an automobile accident which occurred in Horry County on June 18, 1985. On July 1, 1988, Harold Chestnut initiated this suit against Charles Reid in Horry County. Reid moved for a change of venue pursuant to § 15-7-30 based on the ground that he was a resident of York County.

The trial judge in Horry County ruled that Horry County was the proper place for the trial. The judge noted that although the right of a defendant to have venue changed to his home county is a substantial right, it is not absolute and the court has the discretion to consider the convenience of the witnesses and the interest of justice.

Reid contends that the court erred in ruling that Horry County was the proper place for trial. Reid argues that a motion to change venue brought pursuant to § 15-7-30 is a question of law and that the court must, as a matter of law, change venue to the county where the defendant resides.

Section 15-7-30 provides in pertinent part:

> In all other cases, the action shall be tried in the county in which the defendant resides at the time of the commencement of the action.... This section is subject however to the power of the court to change the place of trial in certain cases as provided by law.

In contrast, Chestnut argues that § 15-7-30 is subject to a discretionary ruling under § 15-7-100. Section 15-7-100 empowers a court to change the place of trial under certain circumstances. This section provides in pertinent part: "The court may change the place of trial in the following cases: ... (3) When the convenience of witnesses and the ends of justice would be promoted by the change."

Chestnut argues that the two statutes should be read together to allow one court to take all relevant factors into consideration at one time. We disagree.

The right of a defendant to have a case tried against him in the county in which he resides is a substantial right. Accordingly, this Court has held that when the motion to change venue is based on the ground that a particular county is the residence of the defendant, then a question of law is presented, rather than a matter of discretion. *Lucas v. Atlantic Greyhound Federal Credit Union*, 268 S. C. 30, 231

S. E. (2d) 302 (1977); *Shelton v. Southern Kraft Corporation,* 195 S. C. 81, 10 S. E. (2d) 341 (1940). Therefore, we conclude that when a motion to change venue is brought pursuant to § 15-7-30 and the facts concerning the defendant's residence are uncontradicted, the trial court must change the venue to the county where the defendant resides.

If the plaintiff then wishes to change venue based on the convenience of witnesses and the promotion of justice, he may make such a motion to the trial judge in the county of the defendant's residence. This motion brought pursuant to § 15-7-100 would be addressed to the discretion of the Court.

The lower court's order is reversed and this case is remanded for the entry of an order changing the venue from Horry County to York County. This decision does not preclude future motions concerning the venue for this trial.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.