23169

ROYSTER COMPANY, Respondent v. EASTERN DISTRIBUTION, INC., and Vaughan Products, Inc., of which Eastern Distribution, Inc., is Petitioner.

(389 S. E. (2d) 863)

Supreme Court

*Ronald F. Barbare,* of *Lathan & Barbare, P.A.,* Greenville, *for petitioner.*

*David W. Keller, Jr.,* of *McGowan, Keller, Eaton, Brodie & Steward, P.A.,* Florence, *for respondent.*

Heard Jan. 23, 1990.

Decided March 12, 1990.

HARWELL, Justice:

This case is before the Court on writ of certiorari to the Court of Appeals. We granted certiorari to review the case of *Royster Company v. Eastern Distribution, Inc.,* 298 S. C. 51, 378 S. E. (2d) 71 (Ct. App. 1989), in which the Court of Appeals held that a motion for change of venue does not have to be addressed prior to the disposition of a motion for summary judgment. We reverse the Court of Appeals.

## I. FACTS

Respondent Royster Company sued petitioner Eastern Distribution, Inc. and Vaughan Products, Inc. for breach of contract. Petitioner filed a motion for change of venue from Florence County to Greenville County. Thereafter, respondent filed a motion for summary judgment. The circuit court granted the motion for summary judgment without deciding the motion for a change of venue despite the fact that it remained uncontroverted that petitioner was a resident of Greenville County. The Court of Appeals held that S. C. Code Ann. § 15-7-30 (1976), the venue statute providing for a trial in the defendant's county of residence, does not apply where a plaintiff is entitled to summary judgment because the granting of summary judgment is not a "trial." On review, we must address a novel question in South Carolina: that of whether the granting of summary judgment constitutes a trial for purposes of venue.

## II. DISCUSSION

Petitioner contends the Court of Appeals erred in ruling that the circuit court properly granted the motion for summary judgment without changing venue. Petitioner argues that a hearing on a motion for summary judgment constitutes a trial within the meaning

of S. C. Code Ann. § 15-7-30 (1976) such that it must be held in the county of the defendant's residence. We agree.

S. C. Code Ann. § 15-7-30 (1976) provides that, except ■ in those cases under S. C. Code Ann. § 15-7-10 (1976) which are tried where the subject matter is located and those cases under S. C. Code Ann. § 15-7-20 (1976) which are tried where the cause of action arose, all other cases shall be tried in the county in which the defendant resides at the time the action is commenced. The right of a defendant in a civil action to a trial in the county of his residence is a substantial one. *Chestnut v. Reid,* 299 S. C. 305, 384 S. E. (2d) 713 (1989). When a motion to change venue is brought pursuant to Section 15-7-30 and the facts concerning the defendant's residence are uncontradicted as here, the circuit court must change the venue to the county where the defendant resides. *Chestnut v. Reid, supra.*

The Court of Appeals held that Section 15-7-30 was inapplicable to the granting of summary judgment pursuant to Rule 56, SCRCP because it is not a "trial." We disagree. We interpret the term "trial" at least in the context of Rule 56, more expansively than does the circuit court and the Court of Appeals and hold that the granting of summary judgment does constitute a trial for the purposes of venue.

An old South Carolina case defines a trial as "the examination of the matter of *fact* in issue . . ." *State v. Starling,* 49 S. C. L. (15 Rich.) 120, 131 (1867) (emphasis added). A more recent and expansive definition of a trial is a "judicial examination, in accordance with the law of the land, of a cause, either civil or criminal, of the issues between the parties, whether of *law or fact,* before a court that has proper jurisdiction." Black's Law Dictionary (5th ed. 1979) (emphasis added). Rule 56(c), SCRCP states that summary judgment is proper when it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Because a court must examine both the facts and the law when determining whether to grant summary judgment, we find that such an examination constitutes a trial. Further, just as a trial constitutes the final determination of all issues that exist between the parties, so does the granting of summary judgment.

Rule 1, SCRCP provides that the Rules of Civil Procedure shall be "construed to secure the just, speedy and inexpensive determination of every action." However, having already found that the granting of summary judgment is a trial for purposes of venue and that the statutory right of the defendant to be tried or even sued in the county of his residence is a substantial one, Rule 1's general provision requiring judicial efficiency cannot be applied to defeat this right of a litigant.

## III. CONCLUSION

The circuit court erred in failing to transfer venue from Florence County to Greenville County prior to disposing of the motion for summary judgment. We reverse the Court of Appeals and hold that the granting of summary judgment constitutes a trial for purposes of venue, such that a motion for summary judgment must be heard and judgment entered in the county of appropriate venue.

Reversed and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.