23250

Kenny CARROLL and Elliott Hutson, Respondents v. William GUESS and John Doe, Defendants, Of whom William Guess is Appellant, And of whom John Doe is Respondent.

(394 S.E. (2d) 707)

Supreme Court

*Michael P. Horger,* Orangeburg, *for appellant William Guess.*

*Clyde A. Eltzroth, Jr.,* Hampton, *for respondents Kenny Carroll and Elliott Hutson.*

*James S. Gibson, Jr.,* Beaufort, *for respondent John Doe.*

Submitted May 23, 1990.

Decided Aug. 6, 1990.

HARWELL, Justice:

The issue before this Court is whether a known defendant is entitled to trial in the county of his residence when the co-defendant is unknown and consequently, the co-defendant's residence also is unknown.

## I. FACTS

Respondents Kenny Carroll and Elliott Hutson were involved in an automobile accident involving the vehicle respondents occupied and another vehicle driven by either appellant William Guess, a resident of Bamberg County, or an unknown defendant "John Doe," whose residence is unknown.[1] Respondents brought this action for damages in Hampton County against both appellant and John Doe because respondents were unsure as to whether appellant for John Doe was actually the operator of the other vehicle. The only known defendant, appellant William Guess, timely moved for a change of venue pursuant to S.C. Code Ann. § 15-7-30 (1976) from Hampton County to Bamberg County, the county of his residence. The trial judge denied the motion and this appeal followed.

## II. DISCUSSION

The trial judge correctly acknowledged that a defendant has a substantial right to be tried in the county in which he resides. However, in denying appellant's motion for a change of venue, the trial judge interpreted S.C. Code Ann. § 38-77-180 (1989) so as to nullify this basic substantial right. Section 38-77-180 provides that an unknown defendant may be sued as "John Doe" and that service of process may be made to the clerk of the court in which the action is brought. Appellant asserts that the trial judge erred in denying his motion for a change of venue because Section 38-77-180 does not operate to

---

[1] There is nothing in the record to indicate why it is unknown which defendant was operating the vehicle at the time of the accident.

nullify the substantial right of a known defendant to be tried in his county of residence. We agree.

S.C. Code Ann. § 15-7-30 (1976) provides that, except in those cases under S.C. Code Ann. § 15-7-10 (1976) which are tried where the subject matter is situated and those cases under S.C. Code Ann. § 15-7-20 (1976) which are tried where the cause of action arose, all other cases shall be tried in the county in which the defendant resides at the time the action was commenced. The right of a defendant in a civil action to a trial in the county of his residence is a substantial one. *Chestnut v. Reid,* 299 S.C. 305, 384 S.E. (2d) 713 (1989). We recently reaffirmed this proposition in *Royster Co. v. Eastern Distribution, Inc.,* 389 S.E. (2d) 863 (S.C. 1990).

Further, the party who asserts the right to sue a defendant in a county other than that of his residence has the burden of showing such right of departure. *See, Warren v. Padgett,* 225 S.C. 447, 82 S.E. (2d) 810 (1954). Section 15-7-30 also provides that if there is more than one defendant, the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action; this is ordinarily at the election of the plaintiff. *See, Mack v. Nationwide Mutual Ins. Co.,* 245 S.C. 619, 142 S.E. (2d) 50 (1965). The plaintiff's right of election however, is secondary to the substantial right of a defendant to be tried in the county of his residence.

We find that the trial judge erroneously interpreted Section 38-77-180, which simply states that as to an unknown defendant, "service of process may be made by delivery . . . to the clerk of the court in which the action is brought," to nullify the right of a defendant to a trial in the county of his residence. Section 38-77-180 does not even address the question of venue as does Section 15-7-30 which contains the words, "shall be tried in the county in which the defendant resides. . . ." If the legislature had intended Section 38-77-180 to overrule the substantial right of a defendant to be tried in the county of his residence as contained in the mandatory language of Section 15-7-30, it would have so stated.

We again affirm that the right of a defendant to be tried in the county of his residence is a substantial one and not to be lightly denied. Where there is a known defendant and an

unknown defendant whose residence is also unknown, venue is proper in the county in which the known defendant resides. The trial judge erred in denying appellant's motion for a change of venue.

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.