23593

Michael Anthony ELLIS, Deceased, by Deborah Scott ELLIS, as Special Administrator of the Estate of Michael Anthony Ellis, Respondent v. David OLIVER, M.D., Appellant.

(415 S.E. (2d) 400)

Supreme Court

*Kay G. Crowe* and *R. Lewis Johnson, Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*Michael J. Miller* and *Deborah A. Vitale, Miller & Vitale, Alexandria,* Va., and *Kimberly A. Raber,* Columbia, *for respondent.*

Submitted Dec. 6, 1991.

Decided March 9, 1992.

TOAL, Justice:

The sole issue we address on appeal is whether the defendants are considered multiple defendants for the purpose of determining venue when single actions are consolidated under Rule 42 of the South Carolina Rules of Civil Procedure. We find they are not and reverse.

## FACTS

The plaintiff, now deceased, was involved in a one car accident on October 3, 1988. He was treated at Richland Memorial Hospital. The complaint alleges the defendant physician's negligent treatment caused the plaintiff's quadriplegia. The plaintiff, through his administrator, brought three separate suits suing the various physicians. In the action subject to this appeal, the plaintiff sued the attending anesthesiologist alone. Although the petition alleges jurisdiction under the South Carolina Tort Claim Act, no facts are alleged that would bring this suit, which is brought solely against a private physician, under the Act. This action was brought in Richland County. It is undisputed that defendant is a resident of Lexington County. The defendant filed a motion to change venue to Lexington County. The plaintiff responded by filing a motion to

consolidate this action with two other actions against the hospital and other treating physicians. The lower court held a hearing on both motions. The actions were consolidated and the defendant's motion to change venue was denied. The defendant appeals the denial of his motion to change venue.

## LAW/ANALYSIS

Under the applicable venue statute, venue is proper where the defendant resides. § 15-7-30 (1977). If, however, there is more than one defendant, the action may be tried in any county where one or more defendants reside. *Id.* Under the SCTCA, venue is proper where the act or omission occurred. S.C. Code Ann. § 15-78-100(b). The question here is when several actions are consolidated, are they considered multiple defendants under the general venue statute or the venue statute of the SCTCA.

Under the South Carolina Rules of Civil Procedure there is a distinction between joinder under Rule 20 and consolidation under Rule 42 as the test for each is quite different. Under the rules "[A]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." SCRCP Rule 20(a). (Emphasis added.) In contrast, consolidation may be ordered whenever actions involving a common question of law or fact are pending before the court.[1] SCRCP Rule 42(b). Since joinder requires the additional requirement that the claims must arise out of the same transaction or occurrence, some cases may be consolidated that could not be joined.

Under a consolidation order, the parties and the pleadings are not merged and each action retains its own identity. SCRCP Reporter's notes following Rule 42. See also Wright and Miller, *Federal Practice and Procedure*, § 2382 (1971). The merger of actions under consolidation is never so complete as to deprive any party of a substantial

---

[1] Prior to Rule 42, consolidation was possible without the consent of the parties only where the actions could have been joined. There was no consolidation of actions with merely a common question or fact. *McKinney v. Greenville Ice and Fuel Company*, 232 S.C. 257, 101 S.E. (2d) 659 (1958).

right. *Moore's Federal Practice*, § 42.02[3] at 42-28 (1991). This Court has repeatedly held venue in the county of the defendant's residence is a substantial right. *Chestnut v. Reid*, 299 S.C. 305, 384 S.E. (2d) 713 (1989). Therefore, consolidation should not be deemed to create multiple defendants under the venue statutes so that the county of any defendant or the county designated by the SCTCA is proper.[2] Thus, proper venue for the suit against the defendant is Lexington County.

In *Chestnut v. Reid*, 299 S.C. 305, 384 S.E. (2d) 713 (1989), we held when a defendant asserts his right to have venue in the county of his residence, it is a matter of law and not discretion. Therefore, since Oliver's residency is not disputed, it was error not to transfer venue to Lexington County.

This decision does not preclude the plaintiff from bringing a subsequent motion pursuant to § 15-7-100 to change venue to Richland County based on the convenience of witnesses and the promotion of justice. Such a motion would be left to the discretion of the lower court.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[2] Although we are aware joinder may have been appropriate in this case, that avenue was not chosen by the plaintiff.