PER CURIAM.
Appellants appeal the trial court’s non-final order granting a change of venue from Palm Beach County to Broward County, and argue that appellee has failed to provide any basis for the requested change of venue. We agree with appellants and reverse.
This court held in Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730, 731 (Fla. 4th DCA1975), that a defendant seeking a change of venue must show either that venue will not lie in the place chosen by the plaintiff, or that venue should be changed for some good reason under one or more of the sections of Chapter 47, Florida Statutes.
In the instant case, appellants alleged that the effects of the tortious conduct occurred in Palm Beach County. Since appellee failed to show by evidence or affidavit that venue will not lie in Palm Beach County, the burden did not shift to appellants to show that it would. See, e.g., Miller v. Southland Ins. Co., 513 So.2d 800, 801 (Fla. 4th DCA1987).
The trial court may grant a change in venue only if one or more of the sections of Chapter 47 applies. Appellee’s motion to transfer venue did not raise any applicable sections of Chapter 47, nor did the trial court make any findings pursuant to any of them. See, e.g., Houchins v. Florida East Coast Ry. Co., 388 So.2d 1287, 1291 (Fla. 3d DCA1980). Therefore, we reverse the trial court’s order and remand with instructions to reinstate the cause in the Circuit Court of Palm Beach County.
REVERSED AND REMANDED WITH INSTRUCTIONS.
LETTS, DELL and GUNTHER, JJ., concur.