633 S.E.2d 143

**Calvin L. JETER and Quantilla B. Jeter, Respondents,**

v.

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Petitioner,**

v.

**Phyllis P. Brown, Respondent.**

No. 26168.

Supreme Court of South Carolina.

Heard March 9, 2006.

Decided June 19, 2006.

Rehearing Denied July 20, 2006.

434

Andrew F. Lindemann, of Davidson, Morrison and Lindemann, P.A., of Columbia; and Charles V. Verner, of Harley and Verner, L.L.P, of Newberry, for Petitioner.

Albert V. Smith, of Spartanburg, for Respondents Calvin L. Jeter and Quantilla Jeter.

Daryl G. Hawkins, of Columbia; and Howard Hammer, of Hammer and Hammer, of Columbia, for Respondent Phyllis P. Brown.

Acting Justice COUCH:

This Court granted South Carolina Department of Transportation's (SCDOT) writ of certiorari to review the Court of Appeals' rulings on subject matter jurisdiction and venue in *Jeter v. S.C. Dep't of Transp.*, 358 S.C. 528, 595 S.E.2d 827 (Ct.App.2004). We affirm in part and reverse in part.

## FACTUAL/ PROCEDURAL BACKGROUND

On July 12, 1997, Calvin Jeter was operating a motorcycle on Secondary Road 37, also known as Herbert Road, in Union County, and Phyllis Brown was driving a vehicle in the opposite direction. SCDOT had recently resurfaced part of Herbert Road. After entering upon a resurfaced portion of the road, Brown saw a deer on the roadside and applied the brakes. She lost control of her vehicle and collided with Jeter's motorcycle. Brown claimed excessive, loose gravel on the road caused her to lose control of the vehicle.

Jeter and his wife, Quantilla, each filed complaints in the Union County Court of Common Pleas against SCDOT under the South Carolina Tort Claims Act (SCTCA).[1] The Jeters alleged SCDOT had failed to safely maintain the roadway and failed to warn drivers of its dangerous condition.

SCDOT filed third-party complaints against Brown, naming her as a third-party defendant. SCDOT contended Brown was a necessary party to the litigation to permit apportionment of fault under S.C.Code Ann. § 15–78–100(c).[2] Brown filed a counterclaim against SCDOT under the SCTCA for personal injuries she sustained from the accident.

After settling with the Jeters, Brown moved to dismiss the third-party complaints under Rule 12(b)(6), SCRCP. The lower court ruled Brown was a necessary party to the action under Rule 19, SCRCP, and must remain a party to the action

---

1. S.C.Code Ann. §§ 15–78–10 through –200 (2005).

2. Section 15–78–100(c) provides:

In all actions brought pursuant to this chapter when an alleged tortfeasor is named as party defendant in addition to the governmental entity, the trier of fact must return a special verdict specifying the proportion of monetary liability of each defendant against whom liability is determined.

solely for the purposes of satisfying the statutory requirement of S.C.Code Ann. § 15–78–100(c).

Brown then filed an amended answer and counterclaim, alleging venue in Union County was improper and that as a matter of right should be transferred to Fairfield County, her county of residence. Brown subsequently filed a motion to change venue to Fairfield County. The lower court granted Brown's motion, over SCDOT's objection, and transferred venue to Fairfield County. The lower court subsequently denied SCDOT's motion to change venue back to Union County, pursuant to S.C.Code Ann. § 15–78–100(b).

During the trial, the lower court ruled Brown was not negligent as a matter of law and granted a directed verdict for Brown on the issue of her negligence. The lower court also granted Brown's motion for directed verdict on SCDOT's defense of unavoidable accident. The jury returned verdicts in favor of the Jeters and Brown.

SCDOT appealed to the Court of Appeals. The Court of Appeals interpreted S.C.Code Ann. § 15–78–100(b) to establish subject matter jurisdiction in the circuit court of South Carolina and venue in the county where the act or omission occurred. The Court of Appeals found the lower court did not abuse its discretion by transferring venue to Fairfield County under S.C.Code Ann. § 15–7–30 (2005). The Court of Appeals further found the lower court erred in directing a verdict for Brown on the issue of her negligence because the SCTCA requires the jury to apportion fault among all potential tortfeasors. Accordingly, the Court of Appeals reversed and remanded the case. *Jeter,* 358 S.C. at 532–36, 595 S.E.2d at 829–31.[3]

## ISSUES

I.  Did the Court of Appeals err in construing S.C.Code Ann. § 15–78–100(b)?

---

**3.** The Court of Appeals' ruling to reverse the directed verdict for Brown on the issue of her negligence and its decision to not reach the issue of whether the trial court should have charged the defense of unavoidable accident have not been appealed. Because these rulings have gone unchallenged, they are the law of the case. *See Clark v. S.C. Dep't of Pub. Safety,* 362 S.C. 377, 608 S.E.2d 573 (2005) (an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal).

II. Did the Court of Appeals err in finding the lower court did not abuse its discretion by transferring venue to Fairfield County under S.C.Code Ann. § 15–7–30?

## STANDARD OF REVIEW

■ Motions to change the venue of a trial are addressed to the sound discretion of the trial court. *Garrett v. Packet Motor Express Co.*, 263 S.C. 463, 210 S.E.2d 912 (1975). This Court will not disturb the trial judge's decision on appeal unless a manifest abuse of discretion is found resulting in an error of law. *Graham v. Beverly*, 235 S.C. 222, 110 S.E.2d 923 (1959). Moreover, the error of law must be so opposed to the trial judge's sound discretion as to amount to a deprivation of the legal rights of the party. *O'Shields v. Caldwell*, 208 S.C. 245, 37 S.E.2d 665 (1946).

## LAW/ANALYSIS

### I. Construction of S.C.Code Ann. § 15–78–100(b)

■ SCDOT argues the Court of Appeals erred in finding § 15–78–100(b) is not a statutory provision solely setting forth subject matter jurisdiction. SCDOT argues this statutory provision provides that only the circuit court in the county where the act or omission occurred has subject matter jurisdiction over an action brought pursuant to the SCTCA. Accordingly, the only court having subject matter jurisdiction over this particular case is the Union County Court of Common Pleas. We disagree.

■ The issue of interpretation of a statute is a question of law for the court. *Charleston County Parks Rec. Comm'n v. Somers*, 319 S.C. 65, 459 S.E.2d 841 (1995) (holding the determination of legislative intent is a matter of law). This Court is free to decide questions of law with no particular deference to the lower court. *Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 534 S.E.2d 672 (2000).

The Court of Appeals held § 15–78–100(b) addressed subject matter jurisdiction to the extent that such jurisdiction was conferred in the circuit court. The Court of Appeals further held the statutory provision established venue in the county in

which the act or omission occurred. *Jeter,* 358 S.C. at 532–33, 595 S.E.2d at 829–30.

■ Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. Venue is the place or geographical location of trial. The propriety of either is independent of the other. *Dove v. Gold Kist, Inc.,* 314 S.C. 235, 236, 442 S.E.2d 598, 600 (1994); *State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005).

The South Carolina Constitution in Article V, § 11, states, "The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law." [4] Section 15–78–100(b) states, "Jurisdiction for any action brought under this chapter is in the circuit court and brought in the county in which the act or omission occurred."

In *Dove,* Dove appealed a worker's compensation claim to the circuit court, which dismissed his appeal for lack of subject matter jurisdiction. On appeal, the Court construed S.C.Code Ann. § 42–17–60 (Supp.1993), which provided in relevant part: "[E]ither party ... may appeal from the decision of the commission to the court of common pleas of the county in which the alleged accident happened, or in which the employer resides or has his principal office." *Dove,* 314 S.C. at 238, 442 S.E.2d at 600. The Court discerned, "There is but one Circuit Court in South Carolina, with uniform subject matter jurisdiction '*throughout the State.*'" *Id.* (citing *State ex rel. Riley v. Martin,* 274 S.C. 106, 111, 262 S.E.2d 404, 406 (1980); S.C. Const. art. V, § 1) (emphasis in original). Then, the Court construed the statutory provision as granting subject matter jurisdiction to the court of common pleas throughout the state and as designating venue in the county in which the alleged accident happened or in which the employer resides or has his principal office. *Id.* at 239, 442 S.E.2d 598, 442 S.E.2d at 600.

---

4. *See also* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law.").

In *Harrison v. S.C. Tax Comm'n*, 261 S.C. 302, 199 S.E.2d 763 (1973), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985), *superseded by statute*, the Court considered whether S.C.Code § 10–2605 (1962),[5] was intended to confer subject matter jurisdiction or was a venue provision. Former section 10–2605 provided in pertinent part: "The *circuit courts of this State are hereby vested with jurisdiction* to hear and determine all questions, actions and controversies, ... affecting boards, commissions and agencies of this State, and officials of the State in their official capacities *[i]n the circuit where such question, action or controversy shall arise.*" *Harrison*, 261 S.C. at 305, 199 S.E.2d at 764 (emphasis in original). The Court found because the South Carolina Constitution granted subject matter jurisdiction to the court of common pleas in all civil cases, "the [statute] could not have been intended to confer jurisdiction on it of this class of actions in the strict sense of that term. The intent of the legislature must have been to fix the venue of such actions 'in the circuit where such question, action or controversy shall arise....' " *Id.* at 306, 199 S.E.2d at 764.

Section 15–78–100(b) is similar to § 42–17–60 and former § 10–2605 in that the statutory provision references subject matter jurisdiction and venue in one sentence. Because there is but one circuit court in South Carolina, with uniform subject matter jurisdiction throughout the state, § 15–78–100(b) establishes subject matter jurisdiction for actions arising under the SCTCA in the circuit court throughout the state. *See Dove*, 314 S.C. at 238, 442 S.E.2d at 600; *Riley*, 274 S.C. at 111, 262 S.E.2d at 406. Section 15–78–100(b) also establishes venue "in the county in which the act or omission occurred." *See also Ellis by Ellis v. Oliver*, 307 S.C. 365, 367, 415 S.E.2d 400, 401 (1992) ("Under the SCTCA, venue is proper where the act or omission occurred.").

## II. Transfer of venue pursuant to S.C.Code Ann. § 15–7–30

▇ SCDOT argues if § 15–78–100(b) establishes venue in the county in which the act or omission occurred, then the

---

5. Currently codified at § 15–77–50 (2005). *See also Whetstone v. S.C. Dep't of Hwys. & Pub. Transp.*, 272 S.C. 324, 252 S.E.2d 35 (1979) (concluding § 15–77–50 established venue).

Court of Appeals erred in affirming the lower court's transfer of venue under § 15-7-30 when the original venue was proper under § 15-78-100(b). We agree.[6]

Upon Brown's motion, the lower court transferred venue to Fairfield County as a matter of right, citing S.C.Code Ann. § 15-7-30;[7] *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 479 S.E.2d 67 (Ct.App.1996); and *Ellis*, 307 S.C. at 365, 415 S.E.2d at 400.[8]

The Court of Appeals found that § 15-78-100(b) did not prevent the lower court from considering Brown's motion to transfer venue pursuant to § 15-7-30. The Court of Appeals further found the lower court did not abuse its discretion by transferring venue to Brown's county of residence. *Jeter*, 358 S.C. at 533, 595 S.E.2d at 829-30.

---

6. Regardless of any preservation problems we address this issue in the interest of judicial economy. The first time this case was tried, it ended in a mistrial. This appeal involves the second trial, and based on the unappealed rulings of the Court of Appeals, this case will be tried for a third time. *See S. Bell Tel. Tel. Co. v. Hamm*, 306 S.C. 70, 75, 409 S.E.2d 775, 778 (1991) (deciding an issue on appeal in the interest of judicial economy).

7. Section 15-7-30 then provided:
   In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action. If there be more than one defendant then the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action. If none of the parties shall reside in the State the action may be tried in any county which the plaintiff shall designate in his complaint. This section is subject however to the power of the court to change the place of trial in certain cases as provided by law.
   "In all other cases" has been interpreted to mean §§ 15-7-10 and – 20. *See Carroll v. Guess*, 302 S.C. 175, 177, 394 S.E.2d 707, 708 (1990); *Royster Co. v. E. Distrib., Inc.*, 301 S.C. 18, 20, 389 S.E.2d 863, 864 (1990). The 2005 amendments to 15-7-30 are not applicable to this case. *See* 15-7-30 (Supp.2005) (applicable to causes of action arising on or after July 1, 2005).

8. Although the parties argue otherwise, *Ellis* is not applicable to the current case. The issue in *Ellis* was whether three defendants were considered multiple defendants for the purpose of determining venue when three separate actions were consolidated under Rule 42, SCRCP. In this case, the issue is whether venue may be transferred under § 15-7-30 when the plaintiffs instituted their actions in a proper venue under § 15-78-100(b).

The defendant has a substantial right to be tried in the county of his residence pursuant to S.C.Code Ann. § 15–7–30 (2005). Thus, in a case involving only one defendant or multiple defendants who reside in a single county, the venue choice generally is controlled by the residence of the defendant. *Carroll,* 302 S.C. at 177, 394 S.E.2d at 708. However, where there are multiple defendants residing in different counties, the plaintiff may properly bring the action in the county where any one of the defendants resides at the time of the commencement of the action. In such a case, the plaintiff ordinarily has the right of election as to the county in which an action will be brought. *Mack v. Nationwide Mut. Ins. Co.,* 245 S.C. 619, 623–24, 142 S.E.2d 50, 53 (1965); *Rankin Lumber Co. v. Graveley,* 112 S.C. 128, 99 S.E. 349 (1919).

"Where an action is properly commenced in any one of two or more venues and is properly brought in one of such venues, it is removable to the other proper venue only if there exists some statutory ground for removal other than the bringing of suit in the wrong venue." 92A C.J.S. *Venue* § 157 (2000); *see also* 77 Am.Jur.2d *Venue* § 67 (1997); *Slattery v. Iowa Dist. Ct. for Johnson County,* 442 N.W.2d 82 (Iowa 1989); *Kahn v. Gill Hotels Co.,* 610 So.2d 1374 (Fla.App.1992). "The general rule is that where an action is properly instituted in a county other than that of the defendant's residence, a defendant has no right to request a change of venue to the county of his or her residence on the ground that the action was not brought in a proper county, even if the action could also have been commenced in the county where the defendant resides." 92A C.J.S. *Venue* 163; *see also Tribolet v. Fowler,* 77 Ariz. 59, 266 P.2d 1088 (1954).

We find the reasoning of the Court of Appeals erroneous. The Jeters properly instituted their actions against SCDOT by filing their actions in the Union County Court of Common Pleas pursuant to § 15–78–100(b). Because the actions were properly instituted, Brown, as a defendant, had no right to request a change of venue to the county of her residence based on an allegation that the actions were brought in an improper venue.[9] Thus, the lower court abused its discretion

---

9. This opinion does not preclude the parties from bringing a subsequent motion pursuant to § 15–7–100 to change venue based on the conven-

by transferring venue to Brown's county of residence pursuant to § 15–7–30.

## CONCLUSION

We affirm the Court of Appeals' finding that § 15–78–100(b) establishes subject matter jurisdiction in the circuit court of South Carolina and venue in the county where the act or omission occurred. We find the lower court abused its discretion by transferring venue under § 15–7–30 and reverse that part of the Court of Appeals' decision. Further, we find it unnecessary to address SCDOT's remaining arguments and issue on appeal related to venue. *See Whiteside v. Cherokee County School Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (appellate court need not address remaining issues when resolution of prior issues is dispositive).

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., MOORE and WALLER, JJ., concur.

---

ience of witnesses and the promotion of justice. Such a motion would be left to the discretion of the lower court. *Chestnut v. Reid,* 299 S.C. 305, 307, 384 S.E.2d 713, 714 (1989).