688 S.E.2d 133

**In the Interest of WALTER M., a minor under the age of seventeen, Appellant.**

**No. 4639.**

Court of Appeals of South Carolina.

Submitted May 1, 2009.
Decided Dec. 17, 2009.
Rehearing Denied Jan. 20, 2010.

Acting Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, of Columbia; and Solicitor John G. Hembree, of Conway, for Respondent.

THOMAS, J.

Walter M. (Appellant) appeals his conviction for the murder of Zachary H. (Victim). Appellant alleges that the family court erred in (1) denying a directed verdict on the charge of murder because the State presented no evidence of malice aforethought and (2) finding Appellant guilty of murder because the State presented no evidence proving malice aforethought. We affirm.

## FACTS

On the afternoon of July 7, 2006, Appellant, Victim, and another friend,[1] were playing video games at Appellant's home. Victim went to the freezer to get a popsicle without Appellant's permission. When Victim refused to return the popsicle to the freezer, Appellant chased him around the living room eventually retrieving the popsicle. As Appellant put the popsicle back in the freezer, Victim ran outside. Appellant locked the front door after Victim ran out.

Victim banged on the door and rang the doorbell in an effort to get back inside. Meanwhile, Appellant retrieved his brother's loaded .22 caliber rifle from a bedroom closet, walked to another room, opened the window, and pointed the gun at Victim, ordering him to stop banging on the door. Victim replied "are you really going to shoot me?" Appellant responded "[n]o" and the boys apparently began laughing. Moments later, Appellant fired two shots: one into the ground near Victim, and a second, fatal shot, into Victim's chest. Appellant maintains the rifle accidentally discharged as he attempted to pull it back in the window. A South Carolina Law Enforcement Division (SLED) forensic firearms expert testified it required six pounds of pressure on the trigger to discharge the first shot, and the same six pounds to discharge the second. This expert also testified that the recoil on the particular firearm was negligible.

After firing the two shots, Appellant called 911, then ran next door and told the neighbor he had accidentally shot

---

1. At the time of the incident, Appellant was twelve years old, stood five feet six inches tall, and weighed over two hundred pounds. Victim was ten years old.

Victim. Although a bystander was able to administer CPR, Victim died within minutes of being shot.

Officer Eric Dean was the first law enforcement officer to arrive on the scene and noticed Appellant holding Victim's hand as an unknown good Samaritan attempted CPR. Dean testified that Appellant stated, "I asked [Victim] to leave me alone and he wouldn't so I shot to scare him." Appellant denied making this statement. Dean further testified Appellant never said anything about the shooting being an accident and denied Appellant's claim that he intimidated Appellant by saying "looks like you'll be going up the road for this one."

Appellant unsuccessfully moved the family court for a directed verdict, arguing the State failed to present evidence of malice aforethought. The family court found Appellant guilty of murder and sentenced him to confinement in a juvenile facility for an indeterminate amount of time not to exceed his twenty first birthday. This appeal follows.

## ISSUES

I.   Did the family court err in failing to direct a verdict in favor of Appellant?

II.  Did the family court err in finding the Appellant guilty of murder?

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006).

## LAW/ANALYSIS

### I.  Directed Verdict

Here, Appellant alleges the family court erred in failing to grant him a directed verdict because the State presented no evidence of malice aforethought. We disagree.

When reviewing the denial of a directed verdict, this court must view all evidence in the light most favorable to the State. *State v. Weston,* 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). This court will reverse the trial court's denial of a

directed verdict only if no evidence supports the ruling. *State v. Lee–Grigg,* 374 S.C. 388, 399, 649 S.E.2d 41, 47 (Ct.App. 2007). We will affirm the family court's denial of a directed verdict in a juvenile delinquency matter if it is supported by any evidence. *In re Doe,* 318 S.C. 527, 534, 458 S.E.2d 556, 561 (Ct.App.1995); *In re Bruce O.,* 311 S.C. 514, 515, 429 S.E.2d 858, 859 (Ct.App.1993); *but see State v. Irvin,* 270 S.C. 539, 543, 243 S.E.2d 195, 197 (1978) (stating that the trial court should direct a verdict for a defendant when the evidence only raises a mere suspicion of guilt).

■ "Murder is the killing of any person with malice afore-thought, whether expressed or implied." S.C.Code Ann. § 16–3–10 (2006). Malice can be either expressed or implied. *State v. Portee,* 122 S.C. 298, 301, 115 S.E. 238, 239–40 (1922). Accordingly, in order for this court to reverse the trial court's denial of the directed verdict, we must find no evidence to support the trial court's ruling on the issue of malice. *See Lee–Grigg,* 374 S.C. at 399, 649 S.E.2d at 47.

■ In this case, applying the any evidence standard and viewing the evidence in the light most favorable to the State, we find sufficient evidence supports the family court's denial of Appellant's motion for a directed verdict. Evidence in the record demonstrates Appellant retrieved a deadly weapon from his brother's closet, walked to another room, opened a window, and pointed the gun. Moreover, the record indicates it required six pounds of pressure to fire the gun and the recoil on the specific firearm in question was "negligible," inferring accidental discharge of the second shot was unlikely. Because the family court could infer malice from a defendant's use of a deadly weapon [2] or from the evidence that the discharge of the weapon was likely not accidental, this evidence was sufficient to overcome Appellant's motion for a directed verdict. *See, e.g., Sellers v. State,* 362 S.C. 182, 189, 607 S.E.2d 82, 85 (2005)

---

2. The South Carolina Supreme Court recently addressed and overruled a long line of case law pertaining to jury instructions regarding the permissive inference of malice from the use of a deadly weapon in *State v. Belcher,* 385 S.C. 597, 685 S.E.2d 802 (2009). After careful review of the *Belcher* opinion, we do not find it controlling of this matter.

(recognizing malice may be implied from the use of a deadly weapon). Accordingly, we find no error.[3]

## II. Family Court's Finding of Guilty

■ Appellant next argues the family court erred in finding him delinquent because the State failed to prove beyond a reasonable doubt he killed Victim with malice aforethought. We find this argument is not preserved for our review on appeal.

■ Generally, an issue must be both raised to and ruled upon by the trial court in order to be preserved for appellate review. *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003). Arguments raised for the first time on appeal are not preserved for our review. *Knight v. Waggoner*, 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct.App.2004). In this case, Appellant made no objection to the final verdict of the family court and made no motion for a new trial. Although this court has advocated excepting juvenile criminal matters from the strict rules of issue preservation, the supreme court has declined to address whether such an exception should be recognized. *See In re Arisha K.S.*, 331 S.C. 288, 296, 501

---

3. Generally, the common law imposes a rebuttable presumption that a child between seven and fourteen years of age does not have the mental capacity to commit a crime. *State v. Pittman*, 373 S.C. 527, 546, 647 S.E.2d 144, 153–54 (2007); *see State v. Blanden*, 177 S.C. 1, 21, 180 S.E. 681, 689–90 (1935) (noting with approval the trial court's instruction to the jury on the presumption of incapacity). The State cites *In re Skinner* for the proposition that the common-law presumption of the incapacity of a minor is inapplicable in family court proceedings because the statutory scheme provides for criminal convictions in the family court. 272 S.C. 135, 137, 249 S.E.2d 746, 747 (1978). While the *Skinner* court's reliance on the since repealed section 14–21–510(A)(1)(c) of the South Carolina Code (1976) causes this court sincere reservation as to whether such a rule remains under the jurisprudence of this state, Appellant neither made this an issue at trial, nor preserved it for appellate review. Although this court has advocated the setting aside of preservation requirements in the context of juvenile criminal matters, our supreme court has elected not to address whether such is a recognized exception to this state's issue preservation requirements. *See In re Arisha K.S.*, 331 S.C. 288, 296, 501 S.E.2d 128, 133 (Ct.App. 1998) (inviting the supreme court to address the setting aside of the rules of issue preservation in the context of juvenile criminal matters). We therefore remain bound by the rules of preservation in the current matter, precluding this court from addressing the rebuttable presumption of incapacity.

S.E.2d 128, 133 (Ct.App.1998) (inviting the supreme court to address the setting aside of the rules of issue preservation in the context of juvenile criminal matters). Thus, this court remains bound by this state's long-standing rules of issue preservation, and we must therefore hold Appellant's argument is not properly before this court.

## CONCLUSION

For the foregoing reasons, the ruling of the family court is **AFFIRMED.**

HEARN, C.J., and KONDUROS J., concur.