735 S.E.2d 525

The STATE, Respondent,

v.

John Bendarian BONNER, Appellant.

Appellate Case No. 2009–146206.

No. 5048.

Court of Appeals of South Carolina.

Heard Sept. 11, 2012.

Decided Nov. 14, 2012.

Rehearing Denied Dec. 18, 2012.

562

Chief Deputy Appellate Defender Wanda H. Carter and Acting Appellate Defender Tristan M. Shaffer, both of Columbia, for Appellant.

Attorney General Alan Wilson, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia, for Respondent.

GEATHERS, J.

John Bendarian Bonner appeals his sentence of life imprisonment without the possibility of parole for a non-homicide offense he committed as a juvenile, arguing the sentence violates the Eighth and Fourteenth Amendments of the United States Constitution. We vacate Bonner's sentence and remand for resentencing.

## FACTS

On April 2, 2008, Dipali Darji was the victim of a home-invasion robbery. The police later arrested Bonner and seven other individuals for committing the burglary. At the time of the offense, Bonner was seventeen years old.[1]

Bonner was indicted on charges of burglary in the first degree, grand larceny, burglary in the second degree, kidnapping, armed robbery, and assault and battery of a high and aggravated nature (ABHAN). On November 17, 2009, the jury returned a verdict of guilty on all charges. Before sentencing, the trial judge asked to hear from Bonner's defense counsel. Counsel asked the court to take into consideration Bonner's "relative age and youth." However, counsel mistakenly stated Bonner was nineteen years old.[2]

The trial court sentenced Bonner to life in prison without parole (LWOP) for the burglary in the first degree charge.[3] Bonner's counsel did not object to the sentence, nor did he raise any issue concerning the sentence in a post-trial motion.

---

1. It is undisputed that Bonner was seventeen years old at the time of the offense. The sentencing sheet indicates Bonner was born on January 24, 1991.

2. At the time of trial, Bonner was eighteen years old.

3. A charge of burglary in the first degree carries a sentence between fifteen years to life imprisonment. S.C.Code Ann. § 16–11–311(B) (2003). Bonner was sentenced as follows: LWOP for burglary in the first degree; five years for grand larceny; fifteen years for burglary in the second degree; thirty years for kidnapping; thirty years for armed robbery; and ten years for ABHAN. All the sentences were imposed concurrently to each other, with the exception of the sentence for ABHAN.

Bonner appeals his sentence of LWOP for burglary in the first degree.[4]

## STANDARD OF REVIEW

"In criminal cases, the appellate court sits to review errors of law only. We are bound by the trial court's factual findings unless they are clearly erroneous." *State v. Wilson,* 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001) (citations omitted).

It is well settled that issues not raised and ruled on in the trial court will not be considered on appeal. *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003); *State v. Passmore,* 363 S.C. 568, 583, 611 S.E.2d 273, 281 (Ct.App.2005). Thus, "a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review." *State v. Johnston,* 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999). Nevertheless, an exception to the general rule of issue preservation exists authorizing the appellate court to consider an unpreserved issue in the interest of judicial economy under appropriate circumstances. *See State v. Vick,* 384 S.C. 189, 203, 682 S.E.2d 275, 282 (Ct.App.2009) (vacating a kidnapping sentence in the interest of judicial economy, even though the issue was not preserved for review); *see also Jeter v. S.C. Dep't of Transp.,* 369 S.C. 433, 441 n. 6, 633 S.E.2d 143, 147 n. 6 (2006) (holding the appellate court would address an issue in the interest of judicial economy despite any preservation problems).

## LAW/ANALYSIS

Bonner argues his sentence of LWOP for burglary in the first degree should be vacated. He contends the Eighth and Fourteenth Amendments of the U.S. Constitution, as interpreted in *Graham v. Florida,* —— U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), forbid the imposition of a LWOP sentence for a non-homicide crime committed by a juvenile. We agree.

---

4. Bonner does not challenge his conviction or sentence for any other charge.

 "The Eighth Amendment's prohibition of cruel and unusual punishment 'guarantees individuals the right not to be subjected to excessive sanctions.'" *Miller v. Alabama,* —— U.S. ——, 132 S.Ct. 2455, 2458, 183 L.Ed.2d 407 (2012) (quoting *Roper v. Simmons,* 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). In *Graham,* the United States Supreme Court held that the Eighth Amendment's cruel and unusual punishment clause "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 130 S.Ct. at 2034. The Court explained: "A State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give [these offenders] some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 130 S.Ct. at 2030.

 Here, it is undisputed that Bonner was seventeen years old at the time of the offense. The State concedes in its brief that it was error for the trial court to sentence Bonner to LWOP for burglary in the first degree. However, the State contends the sentencing issue is not preserved for appellate review because Bonner never objected to the sentence imposed for burglary in the first degree, nor did he raise any issue with the sentence in a post-trial motion. The State further argues the most appropriate avenue for addressing Bonner's claim is a post-conviction relief (PCR) proceeding.

Bonner acknowledges the sentencing issue is not preserved for appellate review.[5] However, he asserts that the court should address the sentencing issue in the interest of judicial economy. We agree.

In *State v. Johnston,* the South Carolina Supreme Court established the appellate court's authority in "exceptional cir-

---

**5.** The general rule of issue preservation provides that if an issue was not raised and ruled upon below, it will not be considered for the first time on appeal. *State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003). Even in the context of juvenile criminal matters, South Carolina courts have applied the general error preservation rule. *See In re Antonio H.,* 324 S.C. 120, 122, 477 S.E.2d 713, 714 (1996); *In re Jamal G.,* 396 S.C. 158, 163–64, 720 S.E.2d 62, 64–65 (Ct.App.2011); *In re Walter M.,* 386 S.C. 387, 392–93, 688 S.E.2d 133, 136 (Ct.App. 2009).

cumstances" to consider an improper sentence even though the sentencing issue was not properly preserved. 333 S.C. 459, 464, 510 S.E.2d 423, 425. The *Johnston* court identified two exceptional circumstances warranting consideration of an appellant's improper sentence for the first time on appeal. *Id.* at 463–64, 510 S.E.2d at 425; *see also,* Jean Hoefer Toal, Shahin Vafai, Robert A. Muckenfuss, *Appellate Practice in South Carolina* 61 (2nd ed. 2002). First, there is an exceptional circumstance when "the State has conceded in its briefs and oral argument that the trial court committed error by imposing an excessive sentence." *Id.* at 463, 510 S.E.2d at 425. Second, an exceptional circumstance exists when there is a "real threat that Defendant will remain incarcerated beyond the legal sentence due to the additional time it will take to pursue [PCR]." *Id.* at 464, 510 S.E.2d at 425. Based on these exceptional circumstances, the *Johnston* court reached the merits of the appellant's case and remanded the case for resentencing. *Id.*

This court addressed a similar situation in *State v. Vick,* 384 S.C. 189, 682 S.E.2d 275 (Ct.App.2009). There, the defendant appealed a thirty-year sentence for kidnapping in a case in which he was also convicted of murdering the victim. *Id.* at 201, 682 S.E.2d at 281. The State conceded Vick's sentence for kidnapping was improper pursuant to section 16–3–910 of the South Carolina Code (2003), which provides that one convicted of murder should not also be sentenced for kidnapping. *Id.* The State nevertheless argued the sentencing issue was not properly preserved for appellate review and that PCR was the appropriate avenue of relief. *Id.* However, the court considered the sentencing issue, irrespective of the preservation rule, because it was in the interest of judicial economy. *Id.* at 203, 682 S.E.2d at 282. Accordingly, the court vacated Vick's kidnapping sentence. *Id.* In its opinion, the *Vick* court recognized, "our courts have at times considered an issue in the interest of judicial economy." *Id.* at 202, 682 S.E.2d at 282. The court cited *Jeter v. South Carolina Department of Transportation,* 369 S.C. at 441 n. 6, 633 S.E.2d at 147 n. 6, which addressed an issue in the interest of judicial economy "[r]egardless of any preservation problems[.]" *Vick,* 384 S.C.

at 203, 682 S.E.2d at 282. Additionally, the *Vick* court referenced *Southern Bell Telephone & Telegraph Co. v. Hamm*, 306 S.C. 70, 75, 409 S.E.2d 775, 778 (1991), which considered a matter in the interest of judicial economy when the issue would be raised to the court at some future time and both parties had fully briefed the issue. *Vick*, 384 S.C. at 202, 682 S.E.2d at 282.

Moreover, the *Vick* court emphasized the State's concession that the kidnapping sentence was erroneously imposed as a controlling factor in its decision to address the issue in the interest of judicial economy. *Id.* at 203, 682 S.E.2d at 282. Specifically, the court noted that the State's concession presented an "exceptional circumstance" pursuant to the standard established in *State v. Johnston.* *Id.* Even though the court recognized Vick's case presented only one exceptional circumstance because there was no threat Vick would be incarcerated beyond the legal sentence, it nevertheless referenced that exceptional circumstance as the determinative factor in its decision to address the sentencing issue in the interest of judicial economy. *Id.* at 202–03, 682 S.E.2d at 282.

Applying this court's precedent in *Vick*, we find vacating Bonner's LWOP sentence is appropriate. Both parties have fully briefed the issue and acknowledge that Bonner could raise the sentencing issue to the court at some future time by filing an application for PCR. Furthermore, this case presents an exceptional circumstance because the State concedes in its brief that the trial court committed error by imposing an improper sentence. *See Johnston*, 333 S.C. at 463, 510 S.E.2d at 425; *Vick*, 384 S.C. at 203, 682 S.E.2d at 282.

For the foregoing reasons, we vacate Bonner's sentence of LWOP for burglary in the first degree and remand the matter to the circuit court for resentencing.

**VACATED AND REMANDED.**

HUFF and THOMAS, JJ., concur.