**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

SunTrust Mortgage, Inc., Respondent,

v.

Mark Ostendorff, Appellant.

Appellate Case No. 2010-150386

Appeal From York County
S. Jackson Kimball, Special Circuit Judge

Unpublished Opinion No. 2012-UP-608
Heard October 30, 2012 – Filed November 14, 2012

**AFFIRMED**

Mark Ostendorff, Appellant pro se.

Brian Steed Tatum, of Tatum Law Firm, PLLC, of Charlotte, North Carolina, for Respondent SunTrust Mortgage Inc.

**PER CURIAM:** In this mortgage foreclosure case, Appellant Mark Ostendorff seeks review of the circuit court's order granting summary judgment to Respondent SunTrust Mortgage, Inc. on Ostendorff's counterclaim for breach of contract. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the circuit court's conclusion that SunTrust was entitled to suspend construction draws as a matter of law: Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); *Hardee v. Hardee*, 355 S.C. 382, 387, 585 S.E.2d 501, 503 (2003) ("The judicial function of a court of law is to enforce a contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous."); *Charles v. Canal Ins. Co.*, 238 S.C. 600, 608, 121 S.E.2d 200, 205 (1961) ("[T]he function of courts is to adjudge and enforce contracts as they are written and entered into by the parties.").

2. As to whether the issues of fact asserted by Ostendorff precluded summary judgment: Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 56(c), SCRCP (providing that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material* fact and that the moving party is entitled to a judgment as a matter of law" (emphasis added)); *In re Walter M.*, 386 S.C. 387, 392, 688 S.E.2d 133, 136 (Ct. App. 2009) ("Generally, an issue must be both raised to and ruled upon by the trial court in order to be preserved for appellate review.").

3. As to whether SunTrust's failure to provide Ostendorff with certain discovery responses precluded summary judgment: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence.").

4. As to Ostendorff's challenge to the jurisdiction of the special circuit judge: *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998), *aff'd as modified*, 337 S.C. 622, 525 S.E.2d 246 (2000) ("An issue is also deemed abandoned if the argument in the brief is merely conclusory.").

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**