**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Freddie Edwards, Appellant.

Appellate Case No. 2011-195606

Appeal from Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Memorandum Opinion No. 2013-MO-033
Heard October 1, 2013 – Filed December 11, 2013

**AFFIRMED**

T. Micah Leddy, of The Leddy Law Firm, LLC, of Columbia, and Marta K. Kahn, of Baltimore, Maryland, for Appellant.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody J. Brown, all of Columbia, and Solicitor David M. Stumbo, of Greenwood, for Respondent.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: <u>Issue 1.</u> *State v. Brown*, 402 S.C. 119, 124, 740 S.E.2d 493, 495 (2013) ("On appeal from the denial of a directed verdict, this Court must view the evidence in the light most favorable to the State," and "if there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); *State v. Fields*, 264 S.C. 260, 267, 214 S.E.2d 320, 322 (1975) (finding defendant's statement to the deceased, "I'm going to kill you, god damn it," constituted evidence of malice); *In re Walter M.*, 386 S.C. 387, 391, 688 S.E.2d 133, 135 (Ct. App. 2009) (finding the defendant's actions in retrieving a gun, walking into another room, pointing the gun, and pulling trigger, which required six pounds of pressure to fire, constituted evidence of malice sufficient to withstand a directed verdict).  <u>Issue 2.</u>  Rule 217, SCACR ("[A]rgument against precedent is not permitted except upon leave of the appellate court . . . ."); *Smith v. State*, 375 S.C. 507, 523, 654 S.E.2d 523, 532 (2007) (finding errors in closing argument "do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument."); *State v. Durden*, 264 S.C. 86, 91, 212 S.E.2d 587, 590 (1975) ("[T]he trial judge is allowed a wide discretion in dealing with the range and propriety of argument of the solicitor to the jury, and ordinarily his rulings on such matters will not be disturbed.").


**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**