**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Indra SI, S.A., Respondent,

v.

Rotomotion, LLC, a South Carolina Limited Liability Company, Appellant.

Appellate Case No. 2012-212154

———————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-009
Heard October 9, 2013 – Filed January 8, 2014

———————

**AFFIRMED**

———————

Karen Marie DeJong, of DeJong Law Firm, LLC, of Mount Pleasant, for Appellant.

Brian Alan Hellman, Jason S. Smith, and Thomas S. Tisdale, Jr., all of Hellman & Yates, PA, of Charleston, for Respondent.

———————

**PER CURIAM:** Rotomotion, LLC appeals the circuit court's grant of summary judgment in favor of Indra SI, S.A. in this contract dispute. Rotomotion contends the circuit court erred in relying on Rule 56(c) SCRCP, when its decision was

really a default judgment based on Rotomotion's late-filed answer. Rotomotion also argues the award of treble damages under the South Carolina Unfair Trade Practices Act was inappropriate. We affirm.

1.      We affirm the circuit court's grant of Indra's summary judgment motion. Summary judgment was properly requested and granted in this case. *See* Rule 56(a), SCRCP ("A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 30 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."). Rotomotion did not timely serve an answer and did not move to file a late answer. *See* Rule 12(a), SCRCP (requiring "[a] defendant [to] serve his answer within 30 days after the service of the complaint upon him"). Therefore, the allegations of the complaint were deemed true. *See* Rule 8(d), SCRCP ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). Thus, no issue of material fact exists. *See Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) (declaring "[a]n appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court under Rule 56(c), SCRCP"); *Sloan v. Dep't of Transp.*, 379 S.C. 160, 167, 666 S.E.2d 236, 239 (2008) (stating summary judgment is appropriate "when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law").

2.      The issue of whether the trial court correctly applied the South Carolina Unfair Trade Practices Act, including whether the damages were properly trebled, is not preserved for review by this court. *See State v. Bonner*, 400 S.C. 561, 564, 735 S.E.2d 525, 526 (Ct. App. 2012) ("It is well settled that issues not raised and ruled on in the trial court will not be considered on appeal.").

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**