**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Larenzo Jermaine Inman, Appellant.

Appellate Case No. 2010-179106

Appeal From Dillon County
Thomas A. Russo, Circuit Court Judge

Unpublished Opinion No. 2014-UP-197
Submitted March 1, 2014 – Filed May 21, 2014

**VACATED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, for Respondent.

**PER CURIAM:** Larenzo Jermaine Inman has filed an appeal, alleging the trial court erred in sentencing him for kidnapping the victim when section 16-3-910 of the South Carolina Code (2003) prohibits such a sentence if the defendant is also sentenced for the victim's murder.

After careful consideration, we vacate Inman's kidnapping sentence pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); § 16-3-910 (providing for imprisonment of a defendant convicted of kidnapping "for a period not to exceed thirty years unless sentenced for murder as provided in [s]ection 16-3-20 [of the South Carolina Code (2003 & Supp. 2013)]"); *State v. Bonner*, 400 S.C. 561, 565, 567, 735 S.E.2d 525, 527-28 (Ct. App. 2012) (finding although the issue was not preserved, an exceptional circumstance existed to vacate an erroneous sentence because "the State concede[d] in its brief that the trial court committed error by imposing an improper sentence"); *State v. Vick*, 384 S.C. 189, 202-03, 682 S.E.2d 275, 282 (Ct. App. 2009) (vacating a sentence for kidnapping pursuant to section 16-3-910 because the defendant received a concurrent sentence for murder and reaching the issue, even though not challenged at trial, in the interest of judicial economy).

**VACATED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.