**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Interest of Justin T., A Juvenile Under the Age of Seventeen.

Appellate Case No. 2014-001619

---

Appeal From Richland County
Robert E. Newton, Family Court Judge

---

Unpublished Opinion No. 2017-UP-179
Submitted April 3, 2017 – Filed April 26, 2017

---

**AFFIRMED**

---

Alexandre Thomas Postic, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Susannah Rawl Cole, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** In this juvenile delinquency adjudication, Justin T. (Appellant) argues the family court erred in (1) denying his motion for directed verdict because the State failed to present sufficient evidence to support a conviction of third-degree assault and battery, (2) finding the State had probable cause to charge him, (3) finding the State proved the requisite *mens rea* for the crime, and (4) admitting prejudicial hearsay. We affirm.

Appellant did not renew his motion for directed verdict after he and his mother testified in his defense.  Therefore, Issues 1 and 2 are not preserved for our review.  *See State v. Bailey*, 368 S.C. 39, 43 n.4, 626 S.E.2d 898, 900 n.4 (Ct. App. 2006) ("If a defendant presents evidence after the denial of his directed verdict motion at the close of the State's case, he *must* make another directed verdict motion at the close of all evidence . . . to appeal the sufficiency of the evidence." (emphasis added)); *In re Walter M.*, 386 S.C. 387, 392–93, 688 S.E.2d 133, 136 (Ct. App. 2009) (noting our supreme court has yet to recognize this court's call for an exception to preservation rules in juvenile criminal matters).

Likewise, Issue 3 is not preserved.  Appellant did not challenge the family court's final guilty verdict, and the record does not contain a motion for new trial.  *See In re Walter M.*, 386 S.C. at 392–93, 688 S.E.2d at 136 (finding appellant's argument that the State failed to prove beyond a reasonable doubt he killed the victim with malice aforethought was unpreserved because appellant made no objection to the final verdict of the family court or a motion for a new trial).

As to Issue 4, we find the family court properly admitted the classmate's testimony under the excited utterance exception to the hearsay rule.  A statement is an excited utterance if it meets the following three elements: "(1) the statement must relate to a startling event or condition; (2) the statement must have been made while the declarant was under the stress of excitement; and (3) the stress of excitement must be caused by the startling event or condition."  *State v. Stahlnecker*, 386 S.C. 609, 623, 690 S.E.2d 565, 573 (2010).  "In determining whether a statement falls within the excited utterance exception, a court must consider the totality of the circumstances."  *State v. McHoney*, 344 S.C. 85, 94, 544 S.E.2d 30, 34 (2001).  "The passage of time between the startling event and the statement is one factor to consider, but it is not the dispositive factor."  *Stahlnecker*, 386 S.C. at 623, 690 S.E.2d at 573.

In the instant case, the victim's statements satisfy all three prongs of the admissibility test.  *See id.*  The victim told the classmate that Appellant stuck his hand down her pants immediately following the incident when she returned to her desk.  The classmate testified the victim seemed frightened and scared when she spoke to her.  The victim's demeanor was caused by the Appellant's actions during class.

We further find the victim's subsequent statements to the classmate after class fall within the excited utterance exception.  The classmate testified the victim remained frightened and confused during this discussion immediately after class.  Furthermore, we believe the victim's statements were not so far removed from the

incident to be deemed inadmissible. *See, e.g.*, *State v. Burdette*, 335 S.C. 34, 41–44, 515 S.E.2d 525, 529–30 (1999) (finding victim's statement made to police approximately one hour after a physical attack qualified as an excited utterance under Rule 803(2), SCRE).  Therefore, we affirm the family court's admission of the classmate's testimony.

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.