**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

J'quan Marquel Scott, Appellant.

Appellate Case No. 2016-000559

———————

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-380
Submitted September 1, 2018 – Filed October 17, 2018

———————

**AFFIRMED**

———————

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:**  J'quan Scott appeals his convictions and sentences for murder, armed robbery, kidnapping, and possession of a weapon during the commission of

a violent crime, arguing that pursuant to section 16-3-910 of the South Carolina Code (2015)[1] and *State v. Vick*, 384 S.C. 189, 682 S.E.2d 275 (Ct. App. 2009), the circuit court erred by sentencing him to thirty years' imprisonment for kidnapping because he was also sentenced to life imprisonment for murder.

This issue is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]. Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."). Additionally, because no "exceptional circumstance" exists warranting this court's immediate review of the issue on the merits, we decline to ignore long-standing issue preservation requirements in the interest of judicial economy. *Cf. State v. Johnston*, 333 S.C. 459, 463-64, 510 S.E.2d 423, 425 (1999) (ruling the State's concession on appeal that the circuit court's erroneous imposition of an excessive sentence and "the real threat that [the d]efendant will remain incarcerated beyond the legal sentence due to the additional time it will take to pursue" post-conviction relief (PCR) warranted an immediate reversal and remand for resentencing); *Vick*, 384 S.C. at 203, 682 S.E.2d at 282 ("[B]ecause the State concedes the kidnapping sentence was erroneously imposed, and in light of the fact our courts recognize there may be exceptional circumstances allowing the appellate court to consider an improper sentence even though no challenge was made to the sentence at trial and have further summarily vacated in matters such as the one at hand, in the interest of judicial economy we vacate the clearly erroneous kidnapping sentence."); *State v. Bonner*, 400 S.C. 561, 567, 735 S.E.2d 525, 528 (Ct. App. 2012) (vacating a kidnapping sentence, issued alongside a murder sentence, and finding the case "present[ed] an exceptional circumstance because the State concede[d] in its brief that the [circuit] court committed error by imposing an improper sentence").[2]

---

[1] S.C. Code Ann. § 16-3-910 (2015) ("Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law . . . is guilty of a felony and, upon conviction, must be imprisoned for a period not to exceed thirty years *unless sentenced for murder* . . . ." (emphasis added)).

[2] The appropriate avenue for Scott to obtain relief on this issue is an action for PCR. *See* S.C. Code Ann. § 17-27-20(A) (2014) ("Any person who has been convicted of, or sentenced for, a crime and who claims . . . [t]hat the conviction or the sentence was in violation of the . . . laws of this State . . . may institute . . . a proceeding under this chapter to secure relief.").

**AFFIRMED.**[3]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.