**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wiley Eugene Sisk, Appellant.

Appellate Case No. 2017-000098

———————

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-106
Submitted February 1, 2019 – Filed March 20, 2019

———————

**VACATED AND REMANDED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Samuel Marion Bailey, all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Wiley Eugene Sisk appeals his ten-year sentence for criminal conspiracy, arguing the trial court erred in sentencing him to a term of imprisonment of ten years because the statutory maximum for the offense is five years' imprisonment. We vacate Sisk's sentence for criminal conspiracy and remand the matter to the circuit court for resentencing pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 16-17-410 (2015) ("A person who commits the crime of conspiracy is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned not more than five years."); *State v. Johnston*, 333 S.C. 459, 463-64, 510 S.E.2d 423, 425 (1999) (holding that under exceptional circumstances a case may be remanded for resentencing when the issue was not preserved for appellate review); *State v. Vick*, 384 S.C. 189, 203, 682 S.E.2d 275, 282 (Ct. App. 2009) (vacating an erroneous kidnapping sentence in the interest of judicial economy "because the State concede[d] the . . . sentence was erroneously imposed, and . . . our courts recognize there may be exceptional circumstances allowing the appellate court to consider an improper sentence even though no challenge was made to the sentence at trial"); *State v. Bonner*, 400 S.C. 561, 567, 735 S.E.2d 525, 528 (Ct. App. 2012) (finding although the issue was not preserved, an exceptional circumstance existed to vacate an erroneous sentence because "the State concede[d] in its brief that the trial court committed error by imposing an improper sentence").

**VACATED AND REMANDED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.