**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emory J. Infinger and Associates Construction Company, Inc., Respondent,

v.

North Charleston Community Interfaith Shelter, Inc., Bobby Knight, in his official capacity as Chairman and President of Board for The Good Neighbor Center, The Good Neighbor Center, Bank of America, N.A., S.C. State Housing Finance and Development Authority, Atlantic Construction Services, Inc., L&W Supply Corporation dba CK Supply, Now Mechanical, Inc., Wilson & Associates Electrical Contractors, Inc., Defendants,

Of which North Charleston Community Interfaith Shelter, Inc. is the Appellant.

Appellate Case No. 2016-002366

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2020-UP-004
Heard December 10, 2019 – Filed January 8, 2020

———————

**AFFIRMED**

———————

Jackson Seth Whipper, of Whipper Law Firm, and William Koatesworth Swope, of The Swope Law Firm, PA, both of Charleston, for Appellant.

Theodore Luke Manos, of Robertson Hollingsworth Manos & Rahn, LLC, of Charleston, for Respondent.

---

**PER CURIAM:** The North Charleston Community Interfaith Shelter, Inc. (the Shelter) appeals a Master-in-Equity's order foreclosing Emory J. Infinger and Associates Construction Company, Inc.'s (Infinger's) mechanic's lien against the Shelter and finding the Shelter breached the parties' contract. The Shelter alleges (1) Infinger's mechanic's lien was barred because it was not filed within the ninety day period found in section 29-5-90 of the South Carolina Code (2007), (2) Infinger breached the parties' agreement (the Agreement) by not following the Agreement's dispute resolution regime, and (3) the Master's damage award failed to specify the elements of damages pursuant to the Agreement. We affirm the Master's order.

## I.

We find the Shelter's first issue is not preserved. The Shelter never raised this issue at trial, and therefore, it is unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *In re Walter M.*, 386 S.C. 387, 392, 688 S.E.2d 133, 136 (Ct. App. 2009) ("Arguments raised for the first time on appeal are not preserved for our review.").

We also find the Shelter's second issue is not preserved. While the Shelter did state this issue broadly in its two-page motion for a new trial, the Master did not rule on this issue, and the Shelter did not file a Rule 59(e), SCRCP, motion. *See Shealy v. Aiken Cty.*, 341 S.C. 448, 460, 535 S.E.2d 438, 444–45 (2000) (holding trial court's general ruling insufficient to preserve specific issue for appellate review, and finding when trial court does not explicitly rule on an argument raised, and no Rule 59(e) motion was filed, appellate court may not address the issue). Therefore, this issue is not preserved for our review.

Lastly, we find the Shelter's third argument is unpreserved. The Shelter did not raise this issue at trial; rather, the amount of damages was never contested and all evidence pertaining to damages came in without objection. *In re Walter M.*, 386 S.C. at 392,

688 S.E.2d at 136 ("Arguments raised for the first time on appeal are not preserved for our review.").

Accordingly, due to the Shelter's issues being unpreserved, we affirm the Master's order.

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**