**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Kenneth Strother Collins, Appellant.

Appellate Case No. 2017-002282

Appeal From Oconee County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2020-UP-012
Submitted October 1, 2019 – Filed January 15, 2020

**VACATED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

**PER CURIAM:**  Kenneth Strother Collins appeals his convictions and sentences of thirty years' imprisonment for murder, a consecutive twenty years' imprisonment

for kidnapping, and a concurrent five years' imprisonment for possession of a weapon during the commission of a violent crime. On appeal, Collins argues the trial court erred by improperly sentencing him on his kidnapping conviction because it also sentenced him for the murder of the same victim. The State argues this issue is not preserved for this court's review and should be raised in an application for post-conviction relief. However, because the State concedes the kidnapping sentence is improper, we find an exceptional circumstance exists allowing this court to consider the improper sentence, and we vacate the improper twenty year kidnapping sentence that was imposed consecutively pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Vick*, 384 S.C. 189, 197, 682 S.E.2d 275, 279 (Ct. App. 2009) ("In criminal cases, an appellate court sits to review errors of law only. [This court is] bound by the trial court's factual findings unless they are clearly erroneous." (quoting *State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001))); S.C. Code Ann. § 16-3-910 (2015) (providing a person convicted of kidnapping "must be imprisoned for a period not to exceed thirty years *unless sentenced for murder* as provided in [s]ection 16-3-20 [of the South Carolina Code (2015)]." (emphasis added)); *State v. Johnston*, 333 S.C. 459, 462, 510 S.E.2d 423, 425 (1999) ("[A] challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review."); *Vick*, 384 S.C. at 201, 682 S.E.2d at 281 ("Our courts have long held, where an appellant has been sentenced for murder of a victim, [section 16-3-910] precludes a sentence for kidnapping of that victim, and any such sentence should be vacated."); *State v. Bonner*, 400 S.C. 561, 564, 735 S.E.2d 525, 526 (Ct. App. 2012) ("[A]n exception to the general rule of issue preservation exists authorizing the appellate court to consider an unpreserved issue in the interest of judicial economy under appropriate circumstances."); *Vick*, 384 S.C. at 203, 682 S.E.2d at 282 ("[B]ecause the State concedes the kidnapping sentence was erroneously imposed, and in light of the fact our courts recognize there may be exceptional circumstances allowing the appellate court to consider an improper sentence even though no challenge was made to the sentence at trial and have further summarily vacated in matters such as the one at hand, in the interest of judicial economy we vacate the clearly erroneous kidnapping sentence."); *Bonner*, 400 S.C. at 567, 735 S.E.2d at 528 (holding an exceptional circumstance existed "because the State concede[d] in its brief that the trial court committed error by imposing an improper sentence").[1]

---

[1] We find the State's request to vacate and remand the entire sentence for resentencing is improper because neither party raised any issues relating to Collins's sentence for murder or his sentence for possession of a weapon during the commission of a violent crime or argued the sentences were improper. Therefore,

**VACATED.**[2]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

Collins's thirty year sentence for murder and concurrent five year sentence for possession of a weapon during the commission of a violent crime stand.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.