**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Christian Anthony Himes, Appellant.

Appellate Case No. 2017-000870

———

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———

Unpublished Opinion No. 2020-UP-178
Submitted May 1, 2020 – Filed June 10, 2020
Withdrawn, Substituted, and Refiled July 29, 2020

———

**AFFIRMED IN PART, VACATED IN PART**

———

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia, David Michael Pascoe, Jr., of Orangeburg, and Assistant Attorney General Alphonso Simon, Jr., of Richmond, VA, all for Respondent.

———

**PER CURIAM:** Christian Anthony Himes appeals his convictions of murder and possession of a weapon during the commission of a violent crime and his sentences of life imprisonment without parole (LWOP) and five years' imprisonment. Himes argues the trial court erred in denying his motion for immunity under the Protection of Persons and Property Act (the Act) and in imposing a sentence of five years' imprisonment for possession of a weapon during the commission of a violent crime. We affirm in part and vacate in part.

1.      Himes argues the trial court erred in finding he was not entitled to immunity from prosecution under the Act. We disagree.

We find the trial court did not abuse its discretion in determining Himes failed to prove he was entitled to immunity under the Act because a reasonably prudent man of ordinary firmness and courage would not have entertained the same belief that he was in imminent danger of serious bodily injury or death. *See State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [the appellate] court reviews under an abuse of discretion standard of review."); *State v. Douglas*, 411 S.C. 307, 316, 768 S.E.2d 232, 238 (Ct. App. 2014) ("[U]nder this standard, the appellate court 'does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence.'" (quoting *State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009))).

The evidence indicates the victim's primary goal was to prevent Himes from entering the victim's ex-wife's apartment, not to attack Himes. Himes agreed the only threatening thing the victim said to him the night of the fatal shooting was "you're not going into that apartment where my two kids are." Himes stated he shot the victim because he was scared. The night of the incident, he told police officers he shot out of fear because "My father hurt me so much in the past mentally, physically and emotionally and I was going through it all over again." We find Himes failed to meet the elements of self-defense; thus, we find no abuse of discretion by the trial court in denying Himes's motion for immunity under the Act. *See* S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, *if he reasonably believes it is necessary to prevent death or great bodily injury to himself* . . . ." (emphasis added)); *Curry*, 406 S.C. at 371, 752 S.E.2d at 266 ("Consistent with the Castle Doctrine and the text of the Act, a valid case of self-defense must exist, and the trial court must necessarily

consider the elements of self-defense in determining a defendant's entitlement to the Act's immunity. This includes all elements of self-defense, save the duty to retreat."); *id.* at 371 n.4, 752 S.E.2d at 266 n.4 (specifying the second and third elements of self-defense that must be demonstrated for immunity under the Act are as follows: "Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life." (quoting *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984))); *id.* at 372, 752 S.E.2d at 267 (providing when a claim of self-defense presents a "quintessential jury question," immunity from prosecution is not warranted).

2.     Himes also argues his sentence for possession of a firearm during the commission of a violent crime should be vacated. Himes admits this argument is not preserved for appeal; however, we address this issue in the interest of judicial economy.

South Carolina Code Section 16-23-490(A) (2015) expressly provides the mandatory five-year sentence for possession of a firearm during the commission of a violent crime shall not be imposed when the defendant is sentenced to death or to life without parole for the violent crime. "[A]n exception to the general rule of issue preservation exists authorizing the appellate court to consider an unpreserved issue in the interest of judicial economy under appropriate circumstances." *State v. Bonner*, 400 S.C. 561, 564, 735 S.E.2d 525, 526 (Ct. App. 2012); *see id*. at 567, 735 S.E.2d at 528 (vacating a sentence when the State conceded the trial court committed an error by imposing an improper sentence); *State v. Palmer*, 415 S.C. 502, 525, 783 S.E.2d 823, 835 (Ct. App. 2016) (vacating the defendant's five-year sentence for possession of a weapon during the commission of a violent crime after finding it inapplicable due to the trial court sentencing him to LWOP for the violent crime). We find the trial court erred by sentencing Himes to five years' imprisonment for the conviction of possession of a weapon during the commission of a violent crime in conjunction with his LWOP sentence for murder.

Based on the foregoing, we affirm Himes's murder conviction and LWOP sentence. We vacate the five-year sentence for possession of a weapon during the commission of a violent crime.

**AFFIRMED IN PART, VACATED IN PART.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.