**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Reno Rodreigus Blakely, Appellant.

Appellate Case No. 2023-000218

———————

Appeal From Lancaster County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-360
Submitted September 1, 2025 – Filed October 29, 2025

———————

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED IN PART**

———————

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, for Respondent.

———————

**PER CURIAM:** Reno Rodreigus Blakely appeals his convictions for murder, possession of a weapon during the commission of a violent crime, and possession of a weapon by a person convicted of a crime of violence and his aggregate sentence of forty-five years' imprisonment. On appeal, Blakely argues the trial court abused its discretion by excluding a co-defendant's statement against penal interest and by ordering his sentence for possession of a weapon during the commission of a violent crime be served consecutively to his sentence for murder. We affirm in part, vacate in part, and remand in part, pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion by prohibiting Antonio Mickle's statement that "[Blakely] did not have the gun" because the statement was inadmissible hearsay and did not fall under an exception. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 804(b)(3), SCRE ("A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."); *Williamson v. United States*, 512 U.S. 594, 600-01 (1994) ("In our view, the most faithful reading of Rule 804(b)(3) [of the Federal Rules of Evidence] is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory."); *id.* (finding the trial court "may not just assume for purposes of Rule 804(b)(3) that a statement is self-inculpatory because it is part of a fuller confession").

2. Although Blakely failed to preserve whether the trial court abused its discretion when it imposed consecutive sentences, we review this issue for the sake of judicial economy. *See State v. Bonner*, 400 S.C. 561, 566-67, 735 S.E.2d 525, 527-28 (Ct. App. 2012) (excusing a failure to preserve a sentencing error in the interest of judicial economy); *State v. Plumer*, 439 S.C. 346, 351, 887 S.E.2d 134, 137 (2023) ("[T]he appellate court may correct [a] sentence on direct appeal or remand the issue to the trial court even if the defendant did not object to the sentence at trial and even if there is no real threat of incarceration beyond the limits of a legal sentence."). We vacate Blakely's consecutive sentence for possession of a weapon during the commission of a violent crime because the trial court did not use its discretion; rather, it relied on the State's erroneous interpretation of the statute. *See In re Christopher H.*, 432 S.C. 600, 605, 854 S.E.2d 853, 855 (2021) ("The sentence imposed will not be overturned on appeal absent an abuse of

discretion."); *id.* ("An abuse of discretion occurs when the sentence imposed was based on either an error of law or a factual conclusion not supported by evidence in the record."); *State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("It is an equal abuse of discretion to refuse to exercise discretionary authority when it is warranted as it is to exercise the discretion improperly."); S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code], he must be imprisoned five years, in addition to the punishment provided for the principal crime."); S.C. Code Ann. § 16-23-490(B) (2015) ("Service of the five-year sentence is mandatory unless a longer mandatory minimum term of imprisonment is provided by law for the violent crime. *The court may impose this mandatory five-year sentence to run consecutively or concurrently*." (emphasis added)). We remand to the trial court for sentencing on the possession of a weapon during the commission of a violent crime conviction.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED IN PART.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.